IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY BUTLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 1:11-CV-1412 |
| vs. ) | |
| ) | Jury Demand Requested |
| ILLINOIS DEPARTMENT OF ) | |
| TRANSPORTATION, ) | |
| ) | |
| Defendant. ) | |

## 2nd AMENDED COMPLAINT

NOW COMES, Plaintiff Terry Butler, by and through his attorney, Yao O. Dinizulu of the Dinizulu Law Group, Ltd., for his Complaint against Defendant Illinois Department of Transportation, states as follows:

## NATURE OF ACTION

This is an action to address and correct unlawful employment and other practices on the basis of race, including but not limited to violation of the Title VII of the Civil Rights Act of 1964, 42 USC §§ 2000e et seq, and the Illinois Civil Rights Act of 2003, 740 LICS 23, et seq. Plaintiff was adversely affected by Defendant's unlawful actions and seeks the appropriate relief from this Honorable Court.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Terry Butler, an African American male, is an Illinois resident and was hired as Highway Maintenance by Defendant on March 6, 1992. On August 20, 2010, Terry Butler was discharged because of his race and age.

2. Defendant Illinois Department of Transportation is an agency of the State of Illinois.

3. At all times, Defendant Illinois Department of Transportation have continuously been and are now employers in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h).

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1981.

5. Plaintiff has complied with all conditions precedent to jurisdiction under 42 U.S.C.A. §§ 2000e-5. Specifically, a charge of employment discrimination was filed with the Equal Employment Opportunity Commission within 180 days of the unlawful employment practice. Notice of a Right to Sue was received. This complaint was file within 90 days of receipt of the Notice.

6. A Charge of Discrimination was filed with the Equal Employment Opportunity Commission on October 27, 2010.

7. Dismissal and Notice of Rights was received December 2, 2010.

8. At all times, Defendant Illinois Department of Transportation are an agency of the State of Illinois subject to the Illinois Civil Rights Act of 2003.

9. Jurisdiction of this Court is invoked pursuant to 740 ILCS 23/5(b).

## STATEMENT OF FACTS COMMON TO ALL COUNTS

10. Plaintiff re-alleges and incorporate paragraphs 1 to 9, as if fully stated herewithin.

11. On job applications, Defendant's policy is to request applicants to indicate their race. On his job application, Terry Butler informed Defendants that he is African American.

12. Terry Butler was hired by Defendant as Highway Maintenance on March 6, 1992.

13. Highway Maintenance personnel are responsible for the preservation and upkeep of the state highway system, and their duties include: aiding stranded motorists, repairing and maintaining roads, drainage facilities, guardrails, bridges, traffic signs and other delineators;

operating and servicing trucks, snow plows, mowing machines, and other highway equipment; and performing routine housekeeping duties at department headquarters.

14. On June 25, 2010, Terry Butler, in the course of his employment, was traveling on I-90/94 northbound at 51st street, Chicago, Illinois, when he noticed a black Audi stopped on the right shoulder.

15. Terry Butler activated his emergency light stopping behind the Audi. Terry Butler approached the vehicle and spoke to the driver and passenger, asking if they needed any assistance. The driver informed Terry Butler that his car had broken down and he would like a tow.

16. Terry Butler returned to his vehicle and notified Illinois State Police that he had a stranded motorist in need of a tow.

17. The passenger exited the vehicle and engaged Terry Butler in conversation as they were awaiting the arrival of a tow.

18. As they were speaking, a green Jeep bearing IL-Registration 479566, driven by Stephen Perrault, traveling at a high rate of speed, veered wildly onto the right shoulder, stopping abruptly on the shoulder and began to travel in reverse to the front of the Audi before stopping.

19. Stephen Perrault got out of the vehicle and approached Terry Butler and the passenger on the side of the road. Stephen Perrault and Terry Butler got into a verbal altercation.

20. Stephen Perrault, then, grabbed Terry Butler's upper arm and spun him around, scarring Terry Butler.

21. In fear for his safety, Terry Butler defended himself and struck the motorist Stephen Perrault.

22. Stephen Perrault came at him, and again in his defense, Terry Butler struck Stephen Perrault. Terry Butler feared that Stephen Perrault was going to push him into traffic.

23. Stephen Perrault fell after Terry Butler struck him the second time.

24. The Illinois State Police had arrived. Stephen Perrault got off the ground. Both Stephen Perrault and Terry Butler went towards the Illinois State Police's car.

25. Terry Butler was not charged for the altercations. No injuries resulted as of the altercation between Stephen Perrault and Terry Butler.

26. Defendant IDOT has the following policies:

   a. Employees shall treat all members of the public and other employees fairly, impartially and with respect and promote a positive public image of the department.

   b. The department and its employees are constantly in the public eye. Employees shall promote a positive public image of the department and refrain from actions which could bring discredit or embarrassment to the department.

27. Defendant's disciplinary policy is discretionary, and imputed to those with policymaking authority to decide the appropriate discipline. Defendant's disciplinary policy is as follows:

   a. The Illinois Department of Transportation now has in effect and will establish from time to time such reasonable rules as it considers necessary to maintain the orderly and efficient conduct of its business, to maintain good order and discipline, to provide for the safety of its employees and property and to comply with public laws.

      b. Employees are required to comply with the rules established by the Department. Failure to do so may subject any employee to appropriate disciplinary measures up to and including discharge.

28. In cases of workplace violence, Defendant's policy is as follows:

      a. Employees displaying or threatening violence in the workplace may be removed from the premises and may be subject to disciplinary action up to and including discharge, criminal penalties, or both.

      b. Labor relations will review all reports and supporting documentation provided by the supervisor and individual(s) involved and, based on that information, will respond and/or direct follow-up investigation as indicated. The department's level of response will be in direct correlation to the severity of the incident. The first priority is to prevent further incidents of workplace violence or injuries. This may entail both administrative action, including the imposition of discipline, up to and including discharge, and the involvement of local or state law enforcement.

29. Defendant's disciplinary policy had a disparate impact, where the decision is subject to the policymaking authority's discretion of Giovanni Fulgenzi and/or Diane O'Keefe.

30. On August 20, 2010, Labor Relations, Giovanni Fulgenzi, Diane M. O'Keefe, and the Illinois Department of Transportation discharged Terry Butler, an African American.

31. Giovanni Fulgenzi, Diane M. O'Keefe, and the Illinois Department of Transportation stated that Terry Butler was discharged for engaging in a verbal and physical altercation with a motorist.

32. Giovanni Fulgenzi is the Personnel Service Manager for the Illinois Department of Transportation, and has policymaking authority, and makes the decision related to workplace violence investigations.

33. Diane M. O'Keefe is the Deputy Director of Highways for the Illinois Department of Transportation, and has policymaking authority, and makes the decision related to workplace violence investigations.

34. At the time of his discharge, Terry Butler had worked for Defendant for eighteen (18) years, two (2) years from when his pension would vest.

35. Illinois Department of Transportation Highway Maintenance John McCaffrey, who informed Defendants he is Caucasian, was involved in a fist fight with a motorist on January 13, 2009, and was not fired, but merely given a consultation on procedures. An injury occurred as a result of the altercation with the motorist.

36. The incident involving John McCaffrey was decided by the same persons with policy making authority as those who decided to discharge Terry Butler.

37. As a result of the discharge, Terry Butler suffered physical and emotional injuries.

38. As a result of the discharge, Terry Butler experienced economic losses.

**COUNT I**
**Discrimination based on race in violation of**
**Title VII of the Civil Rights Act of 1964, 42 USC §§ 2000e et seq.**

39. The Plaintiff repeats and realleges the allegations set forth in Paragraphs 1-38.

40. This action is authorized and instituted pursuant to Tile VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq, based on an unlawful employment practice by Defendant. Jurisdiction of this court is invoked pursuant to § 706 of Title VII 42 U.S.C.A. § 2000e-5(f)(1).

41. Plaintiff has complied with all conditions precedent to jurisdiction under 42 U.S.C.A. §§ 2000e-5. Specifically, a charge of employment discrimination was filed with the Equal

Employment Opportunity Commission within 180 days of the unlawful employment practice. Notice of a Right to Sue was received. This complaint was file within 90 days of receipt of the Notice.

42. A Charge of Discrimination was filed with the Equal Employment Opportunity Commission on October 27, 2010.

43. Dismissal and Notice of Rights was received December 2, 2010.

44. Upon information and belief, Plaintiff Terry Butler was treated unfairly by the Defendant and its agents because he is African American.

45. Similarly situated person to Terry Butler, including but not limited to John McCaffrey, who is Caucasian did not experience the harassment and discrimination by Defendants.

46. Upon information and belief, Defendant has a history of discriminating against African American employees.

47. Defendants intentionally discriminated against Plaintiff based on his race.

48. Defendants did not have a legitimate purpose for the employment decisions made as to Terry Butler.

49. As a result of Defendant's wrongful employment practices in violation of the Discrimination in Employment Act, Terry Butler has lost earnings, as well as physical and psychological injuries.

50. Defendant limited, segregate and/or classified Plaintiff Terry Butler which deprived and/or tended to deprive Plaintiff Terry Butler of employment opportunities or otherwise adversely affect Plaintiff status as an employee, because of his individual's race and/or color.

51.     Plaintiff was damaged in amounts to be proven at trial as a result of the violation of his rights including suffering lost wages, humiliation, embarrassment, stress, depression and other compensatory damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For back pay and damages for Plaintiff's loss of the earnings and benefits of the employment relationship.

2. For the costs, including attorney's fees, of the trial of this claim and any appeal, and any other relief to which the Plaintiff is justly entitled.

## COUNT II
### Discrimination based on race in violation of
### 740 ILCS 23, Illinois Civil Rights Act of 2003

52.     The Plaintiff repeats and realleges the allegations set forth in Paragraphs 1-51.

53.     This action is authorized and instituted pursuant to the Illinois Civil Rights Act of 2003 based on an unlawful employment practice by Defendant, an Illinois agency.

54.     This complaint was filed within 2 years of the discriminatory discharge, which occurred on August 20, 2010.

55.     Upon information and belief, Defendant has a policy that has a discriminatory impact against African American employees, including but not limited to Terry Butler, when:

   a. Defendants have an express policy that, when enforced, causes a constitutional deprivation;

   b. Defendants have a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law; or

   c. The discriminatory action was by a person with final policymaking authority.

56.     Defendant's policy had the affect of discriminating against Plaintiff based on his race.

57.     Defendants did not have a legitimate purpose for the employment decisions made as to Terry Butler, and African American, versus John McCaffrey, a Caucasian.

8

58. As a result of Defendant's wrongful employment policies and practices in violation of the Discrimination in Employment Act, Terry Butler has lost earnings, as well as physical and psychological injuries.

59. Defendant limited, segregate and/or classified Plaintiff Terry Butler which deprived and/or tended to deprive Plaintiff Terry Butler of employment opportunities or otherwise adversely affect Plaintiff status as an employee.

60. Plaintiff was damaged in amounts to be proven at trial as a result of the violation of his rights including suffering lost wages, humiliation, embarrassment, stress, depression and other compensatory damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For back pay and damages for Plaintiff's loss of the earnings and benefits of the employment relationship.

2. For the costs, including attorney's fees, of the trial of this claim and any appeal, and any other relief to which the Plaintiff is justly entitled.

                        Respectfully submitted,

                        DINIZULU LAW GROUP, LTD.

                By:    s/ Yao O. Dinizulu
                        Yao O. Dinizulu
                        Plaintiff's Attorney

Yao O. Dinizulu
DINIZULU LAW GROUP, LTD.
221 N. LaSalle, Suite 1100
Chicago, IL 60601
Telephone: (312) 384-1920
Facsimile: (312) 384-1921
Dinizulu@dinizululawgroup.com
ARDC No. 6242794

<u>CERTIFICATE OF SERVICE</u>

I, Yao O. Dinizulu, hereby certify that on the 26th day of August, 2011, the foregoing pleading was filed electronically. Notice of this electronic filing was sent to:

>Lisa Madigan
>Attorney General
>Jenie Van Hampton
>Assistant Attorney General
>General Law Bureau
>100 W Randolph St, 13th Floor
>Chicago, IL 60601
>(312) 814-4328

via the Court's electronic system.

>Respectfully Submitted,
>
>DINIZULU LAW GROUP, LTD.
>
>By:  /s/Yao O. Dinizulu (6242794)
>Attorney for Plaintiff
>DINIZULU LAW GROUP, LTD.
>221 N. LaSalle, Suite 1100
>Chicago, IL 60601
>Telephone: (312) 384-1920
>Facsimile: (312) 384-1921
>Dinizulu@dinizululawgroup.com