UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRY BUTLER, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 11 C 1412 |
| v. ) | |
| ) | Honorable Judge Zagel |
| ILLINOIS DEPARTMENT OF ) | |
| TRANSPORTATION, ) | |
| ) | |
| *Defendant*. ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant ILLINOIS DEPARTMENT OF TRANSPORTATION ("IDOT"), by its attorney, LISA MADIGAN, Illinois Attorney General, move under Federal Rule of Civil Procedure 56 for summary judgment in its favor and against Plaintiff on the claims set forth in Plaintiff's Second Amended Complaint. In support of its motion, Defendant states as follows:

1. This case arises from Plaintiff Terry Butler's discharge from his employment with IDOT after he instigated a verbal altercation with and then struck a motorist. Specifically, on June 25, 2010, while performing his official duties as a Highway Maintainer with IDOT's Emergency Traffic Patrol, Plaintiff instigated a verbal altercation with a motorist. The argument escalated and eventually culminated in Plaintiff punching the motorist twice and knocking him to the ground next to live lanes of traffic. A member of the public witnessed Plaintiff's altercation and wrote a letter to IDOT voicing her concern about Plaintiff's behavior. That letter caused IDOT's Personnel Services Manager, who previously was unaware of Plaintiff's altercation, to initiate an investigation. Based on the results of that investigation, IDOT discharged Plaintiff for violence in the workplace, conduct unbecoming, and poor public image.

1

2. Plaintiff subsequently initiated proceedings against IDOT arising from his discharge. Plaintiff, an African American male, says his discharge was discriminatory. IDOT denies Plaintiff's allegations and maintains that Plaintiff's discharge was non-discriminatory and justified given Plaintiff's unprecedented conduct toward a member of the public.

3. Plaintiff's Second Amended Complaint asserts two counts against IDOT: (1) a Title VII claim of race discrimination (Count I); and (2) a claim under the Illinois Civil Rights Act (*see generally* Pl.'s 2d Am. Comp., Dkt. No. 29), which represent a disparate treatment claim as well as a poorly defined disparate impact claim.

4. Defendant now moves for summary judgment in its favor on all claims in Plaintiff's Second Amended Complaint on the following grounds:

    a. Plaintiff cannot establish a *prima facie* claim of discrimination under a disparate treatment theory because:

        i. Plaintiff has no direct evidence of race discrimination;

        ii. Plaintiff cannot show under the indirect method that he was performing his job satisfactorily at the time of his discharge;

        iii. Plaintiff cannot show under the indirect method that an employee, outside Plaintiff's protected class and similarly situated to Plaintiff in all material respects, was treated better than Plaintiff.

    b. IDOT had legitimate, non-discriminatory reasons for Plaintiff's discharge, which Plaintiff cannot show are pretext for discrimination.

    c. Plaintiff's disparate impact claim under Title VII is procedurally barred.

    d. Plaintiff cannot establish a *prima facie* claim of discrimination under a disparate impact theory.

5. A briefing schedule has already been set for Defendants' motion for summary judgment: Defendant's motion for summary judgment due May 30, 2014; Plaintiff's response due June 30, 2014; Defendant's reply due July 21, 2014. (*See* Dkt. No. 98.)

6. For the reasons set forth above and discussed in detail in Defendant's Memorandum of Law in Support of Its Motion for Summary Judgment, Defendant ILLINOIS DEPARTMENT OF TRANSPORTATION respectfully request that this Honorable Court enter judgment as a matter of law in its favor and against Plaintiff Terry Butler on all claims in Plaintiff's Second Amended Complaint.

| | |
|---|---|
| LISA MADIGAN<br>Attorney General of Illinois | Respectfully submitted,<br><br>*s/S. Ann Walls*<br>S. Ann Walls<br>Allison Sues<br>Assistant Attorneys General<br>Office of the Illinois Attorney General<br>100 West Randolph Street, 13th Floor<br>Chicago, Illinois  60601 |

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that a copy of the foregoing **Defendant's Motion for Summary Judgment, Defendant's Memorandum of Law in support of its Motion for Summary Judgment, Defendant's Local Rule 56.1 Statement of Uncontested Facts in support of its Motion for Summary Judgment, and supporting exhibits** were served this 30th day of May, 2014 by delivering a copy to the following:

> Yao O. Dinizulu
> Plaintiff's Attorney
> DINIZULU LAW GROUP, LTD.
> 221 N. LaSalle, Suite 1100
> Chicago, Illinois 60601

> *s/S. Ann Walls*